WESTERN DIST.
September, 1831.

TAYLOR
vs.
SWETT.

---

## TAYLOR vs. SWETT.

3L 33|
51 1597|
51 1598|

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

The fact of marriage may be proved by circumstantial testimony, and by general reputation, cohabitation and long residence together.

Parole testimony is admissible to prove to the laws and customs of another state in relation to the celebration and presumption of marriage.

The plaintiff alleges she is the daughter and heir at law of one Frances Smith, formerly widow of John B. Taylor, and late wife of the defendant. That at the death of her father, about fifty-three years ago, her mother married Gilbert Swett, in the state of South Carolina. The parties removed to Louisiana about twenty-five years ago, and settled in the parish of St. Landry. The mother of the plaintiff died in 1829. She now claims half the estate in community between her deceased mother and the defendant, which they acquired since their residence in Louisiana. They are colored people.

An inventory of the estate in community was made, which amounted to one thousand eight hundred and thirty-one dollars and seventy-five cents. It is all in the possession of defendant. He denies that he was ever legally married to the mother of the plaintiff; that she lived with him as a concubine; and that the whole of the property belongs to him.

During the progress of the suit the defendant died. But judgment was rendered against the estate for one-half, or nine hundred and fifteen dollars and eighty-seven and a half cents.

The heirs of the defendant took an appeal.

The case turned principally upon the fact of marriage between the defendant and plaintiff's mother.

The plaintiff relied on the testimony of several witnesses to show that it was always understood the parties were married in South Carolina, and that they had lived together ever since as man and wife.

The testimony of the plaintiff went to establish a marriage by reputation and general report.

The defendant called several witnesses to show from circumstances that no marriage ever took place or existed. There was much contradictory testimony.

Parole evidence was introduced by plaintiff to prove the laws relating to marriages in South Carolina.

*Lewis* and *Bowen,* for plaintiff:

1. This testimony in this cause we think fully proves that the plaintiff's mother and the defendant were lawfully mar-

ried in South Carolina, which entitles the heir of the mother, and plaintiff here, to one half of the community of acquests and gains.

2. The laws and customs of another state, or of a foreign country, may be proved by parole testimony.  2 *Starkie*, 939.

3. Consent alone, where there are no marriage acts to control it, is sufficient to render a contract of marriage *de presenti*, binding without any other act.  2 *Starkie*, 937, note (*u*) and (1), *and the authorities there cited*.

4. Cohabitation and general reputation that the parties are man and wife, is sufficient evidence to render a marriage contract valid.  2 *Starkie*, 939.

5. A marriage *de facto* is good.  4 *Johnson*, 52.  2 *Salkield*, 438.  10 *East*, 286.  2 *Strange*, 937.  2 *Blackstone* 877.

WESTERN DIST.
September, 1831.

TAYLOR
vs.
SWETT.

*Garland*, for the defendant.

1. The evidence does not support the judgment of the district judge, the weight of it being in favor of the defendant.

2. The inferior court erred in receiving parole testimony of the laws and customs of South Carolina in relation to the celebration of marriages.  5 *Martin*, *N*. *S*. 270–1.

3. When it is insisted that the marriage has been solemnized in conformity with the law of the country where it took place, it is necessary to prove by competent testimony what the law of that country is.  2 *Starkie*, 938.

4. The judgment of the District Judge must be reversed, because this court has no right to order a partition—this jurisdiction belonging exclusively to the Court of Probates.  *Code of Practice*, 924, 1021–2.  *Louisiana Code*, 1247, 1250.

*Mathews, J.* delivered the opinion of the court.

The plaintiff in this case claims as heir of her deceased mother, one half of the acquests and gains acquired during her life time, whilst in matrimonial community with the defendant. This claim is supported by the judgment of the court below, from which the present appeal has been taken on the part of the defendant.

WESTERN DIST.
September, 1831.

TAYLOR
vs.
SWETT.

The fact of marriage may be proved by circumstantial testimony, and by general reputation, cohabitation and long residence together.

Parole testimony is admissible to prove to the laws & customs of another state in relation to the celebration and presumption of marriage.

The case presents no questions of law, and one, only, of fact which relates to the marriage of the plaintiff's mother with the defendant.

It appears from the evidence, that the connection between these persons, under an apparent relation of man and wife, took place more than fifty years ago, previous to the death of the woman. It is true that in the commencement, the parties were prevented from contracting any valid marriage in consequence of the existence of a prior marriage between the father of the plaintiff and her mother, whom the defendant took to his bed and board. But the death of her first husband, which is shown by competent testimony to have taken place, not many years after her connexion with the defendant, left them free to contract marriage. That they did so, and lived in that state for nearly half a century, is a fact established by the weight of evidence in the cause. Their marriage is presumed to have been contracted in the state of South Carolina; and testimony is offered to prove the laws and customs of that state in relation to the celebration of marriages; and the legal presumptions there adopted by the principal courts of justice, arising from cohabitation in support of the existence of a marriage, when no evidence could be adduced of its celebration.

This species of testimony is objected to by the counsel for the defendant, but we are of opinion it was properly received. We think the court below did not err in its conclusion on the facts of the case. Although the testimony is somewhat contradictory, it evidently preponderates in favor of the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed, with costs.