FRANÇOIS PAUL CASIMIR *v.* ANTOINE BLANC, Testamentary Executor of Félicité D'Abat, deceased.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*Train* and *Grandmont*, for the appellant.

*D. Seghers*, for the defendant.

BULLARD, J. The question we are called upon to decide in this case is, whether the plaintiff be, as he alleges, the legitimate son of Jean Casimir and Ursule, *alias* Sulet, free persons of color. He is appellant from a judgment of the Court of Probates, repelling his pretensions as such.

He gave in evidence a certificate of baptism extracted from the registry of a church in St. Yago de Cuba, signed only by the curate, in which it is said that, on the 3d of May, 1805, he baptised an infant by the name of Francisco De Paula, who was born on the 2d of April previous, the *legitimate son* of Juan Pédro and Maria Ursula, colored persons, and natives of St. Domingo.

This document, without the signature of either the father, mother, or god-father and god-mother, or any witnesses, furnishes no proof against the father, except so far as it may be shown that a copy of it had been given by him to the present plaintiff. A copy, in effect, bearing no other date than the original, is shown to have been possessed by the plaintiff, but whether it was in his possession before the death of Jean Casi-

mir, in 1827, is not distinctly shown. Although it may be fairly presumed that he obtained it from his father, yet as an admission emanating from him of the legitimacy of the plaintiff, it is balanced by the solemn declaration of Jean Casimir in his last will, that he had no legitimate child, and that he acknowledged no natural one; and that he disposed of his whole property in favor of his wife, Félicité D'Abat.

The fact which it is incumbent on the plaintiff to prove, either by direct or presumptive evidence, is the marriage of his father and mother. There is no positive evidence. The presumptions in support of the affirmative, are that they lived together in St. Domingo, and at St. Jago de Cuba, where the plaintiff was born; that the plaintiff lived with his father, who called him his son, after they came to New Orleans; that he was generally recognized as the son of Casimir; and his possession of the certificate of baptism.

The presumptions in support of the negative are, the absence of any record in the church at St. Jago de Cuba showing the marriage, where it is alleged to have been celebrated, although it is shown that the usage of that place was to make a record of marriages, together with the fact that Casimir never admitted his marriage to a witness, who was intimate with him at the time, and was living with his sister as his concubine; and especially the well established fact that Casimir was, during the lifetime of Ursule, legitimately married to Félicité D'Abat, in this city, and that Ursule made no complaint, although she lived in the same street, or at least in the same *faubourg*. We can hardly presume that he would have been guilty of bigamy. Certain it is that Ursule had not cohabited with Casimir for some years before her death, but was living in concubinage with one Jean, who appears to have accompanied them from St. Jago de Cuba.

This last circumstance strongly marks the case of *Taylor* v. *Swett*, upon which the plaintiff's counsel relies, and distinguished it from this. In that case the plaintiff's mother died in the possession and enjoyment of the condition or *status* of wife. In this she had been long separated from her alleged husband, made no complaint, and even lived in concubinage with another

man, while her alleged husband was married to, and lived openly, in her presence, with another woman. 3 La. 33.

To these presumptions may be added another, to wit, that although at this time nearly forty years of age, and of age in 1827, the plaintiff made no attempt to set aside his father's will, by which he instituted his wife, Félicité D'Abat his universal legatee, and to claim his *légitime.* If he were now to attack that will as inofficious, he might, perhaps, be repelled by the plea of prescription, even if his legitimacy were not questioned. He certainly cannot succeed in this case, without fastening upon the memory of Jean Casimir the imputation of having been guilty of bigamy.

These presumptions in favor of and against the pretensions of the plaintiff, being fairly balanced, independently of the testimony of the witnesses, which is quite discordant and unsatisfactory, appear to us, as they did to our learned brother of the Court of Probates, to preponderate against him; and we concur in the conclusion, that he has failed to make out his case.

*Judgment affirmed.*