Ilsbey, J.
The tutor of the minor, John Charles William Hubee, seeks in this proceeding to have his ward judicially recognized as the legitimate son and heir of the late William Hubee, and issue of the lawful marriage between the said William Hubee and Wilhelmina Kestig, the minor’s mother.
He relies exclusively to sustain the complex fact of the minor’s legitimacy :
1. Upon the declaration' of the deceased, William Hubee, made in the certificate of birth, that the minor is the issue of his marriage with Wilhelmina Kestig; and
2. Upon the testimony of witnesses to prove that they were intimately acquainted with the parents of the minor, both deceased; that they lived as husband and wife, were so considered, and were visited and respected in the community as such.
This testimony was received by the Court below, under objections from the defendant, the grounds of which are set forth in the bills of exception, to which our attention is specially called.
The register of births was competent evidence to prove one of the elements of legitimacy — filiation, but not the legitimacy of filiation, even, although the declaration of the legitimacy of the child be made thereon by his father. 1 Green. Ev. Hen. Dig., v. 1. p. 493.
It is evidence of the particular facts which the law requires to be recorded in it, and of no others. Rev. Stat. p. 46, J 4.
Parol evidence to prove the marriage of William Hubee and Wilhelmina Kestig is objected to, because it is not the best evidence of which the case is, in its nature, susceptible. .
It has been repeatedly held that the law does not declare null, marriages, in which the laws relating to forms and ceremonies have not been observed; that marriage may be proved by any species of evidence not prohibited by law, which does not presuppose a higher speeies of evidence within the power of the party. 3 La. 33. 2 A. 944. 7 A. 253. 15 A. 253.
A registered act of marriage would be conclusive evidence of the fact of marriage, and if such an act were extant upon the public records, it would be difficult to impute to the party on whom the proof devolved a sinister motive for not producing it. The failure to produce evidence, *98 which, would be so conclusive, carries rather with it the presumption that it does not exist.
And so of evidence higher in grade than that offered, for it will be observed that this is not the case of a spouse seeking to prove a marriage, in which he or she was a party, and who would be presumed to know all the facts and circumstances attending such marriage; but, of a minor child, who has not and cannot, in the absence of record proof, be supposed to have, in regard to the marriage of his deceased parents, the same means of information.
Every case necessarily depends somewhat on its own circumstances.
It is not essential to prove by record evidence, or by persons present at the celebration of a marriage, that the marriage actually occurred; but it is necessary that the facts and circumstances relied upon as the foundation of a presumption of marriage, should be consistent and. cogent. It was held in Philbrick v. Spangler, 15 An. 46. If the parties were married, the marriage must have taken place in New Orleans, and yet, although but few years have passed by since the event is said to have occurred, not one witness examined proved the fact of marriage.
Nor is the circumstantial evidence, as to cohabitation, general reputation and admissions of the parties to the alleged marriage, altogether consistent. Some of the witnesses do say that “Mr. and Mrs. Hubee ” were considered husband and wife, and were visited as married persons; whilst others, who were intimate with them, seem satisfied that they were never married.
To one witness, Hubee says that “ he was married to Wilhelmina Kestig neither by the court nor by the priest, but that he considered her his wife;” to another witness, over a social glass, that “he was married by a notary public,- he was not married by a priest, as he did not believe in them;” and to another, that he was not married to her. These statements were made to different persons by Hubee, and they seem to be consistent with voluntary statements made by Welhelmina Kestig, to one of her intimate female friends, who testified in this case. This witness says: “ Mrs. Hubee told me she was not married;” that was about a year ago; she told me “ she felt bad about it, and wished to be married.” I visited her very often. At that time, I lived across the street from her, and was very intimate with her.
She often, says this witness, told me “ she was not married to Hubee.” She was uneasy about it, as Hubee might die, and she would get nothing. She went by his name, as his wife. From the first time, she told me she was not married; she spoke of it because she had a child, the one now living, and wanted to be married.”
Yerbal statements and admissions, particularly of deceased persons, ought, it is true, to be received with great caution, but it must be borne in mind that the statements of both, William Hubee, were deliberately made to the plaintiff’s own witnesses,'and to the wife of one of them, and also to other witnesses; such évidence as that, to which no suspicion attaches, must be deemed satisfactory, and coupled with the fact that by some of the intimate friends of the parties, they were not considered as married, would seem to rebut the presumption — resting on common re *99 pute, that they were married. See the cases reported in 15 An. page 46, Hobdy v. Jones, 2 An. 944; and Cole v. Longley, 14 An. 770.
In the case of McConnell v. New Orleans, 15 An. 410, this Court, whenever the question of marriage was involved, said: “The plaintiff must make his case not only probable, but certain. He has failed to produce any evidence, written or oral, of an actual marriage, and the presumption to be drawn from the circumstantial proof adduced by him, are overcome by others more cogent. The party seeking to recover should establish the marriage as conclusively as any other fact.”
It is intimated for the plaintiff, that a box belonging to the deceased, containing his money and valuable papers, had mysteriously disappeared after Hubee’s death; and that some written evidence of the marriage had been surreptitiously concealed or destroyed by the defendant in this suit, but there is nothing in the evidence to sustain such a charge, nor to justify the remanding of the case to the lower Court on that account.
■ If such evidence can at any time hereafter be discovered, the plaintiff may avail himself of it, as the judgment of the Court below was one of nonsuit, which we shall affirm.
It is therefore ordered, adjudged and decreed that the judgment of tho District Court be, and the same is hereby affirmed, at the costs of the appellant.
Rehearing refused.