## No. 7587.

### WIDOW V. M. BENAVIS VS. JOSE BARBA AND CIVIL SHERIFF.

The presumption of marriage, which results from reputation and long cohabitation, must yield to positive evidence to the contrary.

*Semble* that such presumption only exists in favor of either party to the supposed marriage and of their children, but not of creditors, especially when both said parties deny ever having been married and having lived as husband and wife.

APPEAL from the Fourth District Court, parish of Orleans. *Houston* J.

E. North Cullom and F. Michinard for Plaintiff and Appellant.

E. Howard McCaleb and Albert Voorhies for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This case involves mainly a question of fact. Plaintiff enjoined the sale by the sheriff of a house and lot on Esplanade street, in this city, of one of three luggers, three horses, a barouche, a wagon, and a lot of household furniture, seized by him under a writ of *fi. fa.* issued in the suit of Jose Barba vs. Hillario Francisco. Plaintiff, alleging that she is a widow, claims to be the owner of the real estate thus seized, of one of the three luggers, and of the movable property; all of which property she alleges has been wrongfully and illegally seized. Defendant filed an exception and an answer and a plea in reconvention; he alleges that plaintiff is estopped from claiming the property seized and from pretending that she is a single woman, having by her conduct, admissions and representations for the past twelve years acquired the status of a married woman, as the wife of Hillario Francisco, and that the property acquired by her pending her coverture, and seized in the suit of Barba vs. Francisco, fell into the community of acquets between

herself and Francisco, and as such became liable to seizure for the pay-
ment of the debts contracted by him as head and master of the com-
munity.

The judgment of the lower court was against plaintiff; and she has
appealed.

We have carefully examined and weighed the evidence contained
in the voluminous record in this case, and after considering the authori-
ties quoted by counsel in their briefs, we reach the conclusion that the
decision of this cause turns upon the nature of the relationship existing
between plaintiff and Francisco, and whether these relations show a
presumption of marriage from which a legal community of property can
be deduced.

The evidence shows that both of these parties are persons of low
birth, very ignorant, and of no culture or refinement.

Francisco has been for twenty-two years a head or boss fisherman
at San Mallo, on Lake Borgne, where he controls several companies of
fishermen, whose fish he sells on the market, and for whom he purchases
provisions, fishing tackle, seines and other necessary supplies.

For twelve or fifteen years plaintiff, who was the widow of one Vin-
cente Benavis, who perished on the high seas on his voyage to America,
has been living with the fishermen at San Mallo, where she was employed
to wash, sew, cook and keep house for them, on wages paid by the week
and by the month. Her constant presence at the fishermen's hut or
shanty threw her in contact with Francisco, who cultivated relations of
immoral intimacy with her, and has since lived with her in open and
bold concubinage.

The evidence fails to satisfy us that they lived, or pretended to live,
as married people, or by word or act justified the presumption that they
claimed to be man and wife. The presumption of marriage, which re-
sults from reputation and long cohabitation, must yield to positive evi-
dence to the contrary.

In all the cases quoted by defendant, the two spouses, or at least
one of them, recognized or urged the validity of the presumed marriage ;
and, in most of the cases, the civil status of children born of the union
was the question involved.

In this case, we are asked to attach to the alleged connubial rela-
tions consequences affecting the title to property or the existence of the
legal community. And in this case, both parties positively and emphati-
cally deny that they were ever married, or ever intended to be married,
or that they lived as man and wife. In the case of Holmes vs. Holmes,
6 L. 463, relied upon by defendant, this Court held that " marriage is
regarded by our law in no other light than as a civil contract, highly

favored, and *depending essentially on the free consent of the parties* capable by law of contracting."

In the case at bar, the alleged marriage is thus shorn of the very essence of its existence and validity for want of consent of the parties. Of the nineteen witnesses examined, only one answered in the affirmative to the direct question, whether either Francisco or Mrs. Vincente Benavis have both, or severally, ever acknowledged to be married, by stating that Francisco had called her "my wife," and that answer was given by the defendant himself.

The substance of the testimony is, that Francisco and plaintiff lived together in open concubinage, cohabiting together, traveling together, and visiting together, as such, but nothing more. If defendant and other persons concluded from those circumstances that they were married, and dealt with them as such, under the belief that property purchased or otherwise acquired by plaintiff belonged to the legal community between Francisco and herself, they are simply mistaken, as is manifestly shown by the evidence in the cause.

There is also error in the pretension of defendant, that his motive in dealing with Francisco sprung from his belief in the marriage, coupled with the hope of reaching plaintiff's property in enforcing his claim against Francisco. It appears from the record, that his dealings with Francisco covered every year from 1872 to 1879, and that plaintiff purchased her immovable property only in March, 1878; and under the weight of that fact his pretension is fatally contradicted.

We, therefore, conclude that plaintiff was, and is now, a single woman, and that as such she owns the real estate, the lugger, Neura. Philipino, the three horses, the barouche, the wagon and the other movable property, and household furniture claimed by her, and wrongfully seized by the sheriff in the suit of Barba vs. Francisco.

As the evidence fails to show that these parties have ever pretended, declared, or wittingly led any one to believe, that they were married, the doctrine of estoppel, invoked by defendant, has no foundation to rest upon, and all the authorities quoted by him on that point have no application to this case.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and that our judgment be in favor of plaintiff, recognizing her as the lawful owner of the property hereinabove described, and perpetuating the injunction in the premises, and that defendant pay the costs in both courts.

Rehearing refused.