## MARY PEET v. WARREN L. PEET ET AL.

*Constructive matrimony—Reputation—Widow's claim.*

1. Continued cohabitation as husband and wife establishes the relation without any actual marriage ceremony if the parties are competent to marry and consent to take each other as husband and wife.

2. Reputation is important as evidence to establish the fact of a marriage, but it cannot disprove an actual marriage. And where there is doubt, the presumption should favor a lawful marriage rather than notorious immorality.

3. A man and woman lived together, as if they were husband and wife, for twenty years and had thirteen children. Then they separated and during the man's life the woman was formally married to another man who lived with her nearly three years and then married another woman while the first was still living. *Held* that the first couple were husband and wife, and the following marriage therefore void, so that the last marriage was valid and the woman entitled to claim a widow's share of her husband's estate upon his death.

Error to Clinton. (V. H. Smith, J.) Jan. 17.—Jan. 22.

Appeal from probate allowance against the estate of Lucius H. Peet. Claimant brings error. Reversed.

*O. L. Spaulding* and *O. W. Barker* for appellant. Repute and conduct are evidence of marriage: *Richard v.*

*Brehem* 73 Penn. St. 140; *Lyle v. Elwood* 11 Eng. 702; cohabitation as husband and wife is presumed lawful till the contrary appears, but if the relation was meretricious at first, living together and long recognition as husband and wife and birth of children raise a presumption of subsequent marriage: *Proctor v. Bigelow* 38 Mich. 282; *Hutchins v. Kimmell* 31 Mich. 126; Husbands on Married Women §§ 3–5; *Caujolle v. Ferrie* 23 N. Y 91; *O'Gara v. Eisenlohr* 38 N. Y. 296; *Hynes v. McDermott* 82 N. Y. 46: 91 N. Y. 451; *Betsinger v. Chapman* 88 N. Y. 487; 2 Greenl. Ev. § 462; *Fenton v. Reed* 4 Johns. 51; and such a relation would render invalid the subsequent marriage of either party in the life-time of the other: *Drummond v. Irish* 52 Ia. 41; *Reeves v. Reeves* 54 Ill. 332; *Blossom v. Barrett* 37 N. Y. 434.

*A. Stout* for appellees. Cohabitation cannot amount to marriage if it is meretricious: Husbands on Mar. Women 12 n; *Cunningham v. Cunningham* 2 Dowl. P C. 511; where marriage was shown to have existed as a fact and cohabitation followed, this direct proof of an actual marriage was held not to be rebutted by proof of a previous cohabitation, merely, by one of the parties with a former apparently matrimonial partner: *Wheeler v McWilliams* 2 U. C. (Q. B.) 77; *Clayton v. Wardell* 4 N. Y. 230; *Jones v. Jones* 48 Md. 391: 45 Md. 144· 30 Am. Rep. 466; *Taylor v. Taylor* 1 Lee 571; *Poultney v. Fairhaven* Brayt. (Vt.) 185; *Senser v. Bower* 1 Penr. & Watts 450; *Weatherford v. Weatherford* 20 Ala. 548.

COOLEY, C. J. Mary Peet, claiming to be the widow of Lucius H. Peet, late of Clinton county, deceased, filed in the probate court for that county, where his estate was being administered, a claim to an allowance as such widow. The heirs contested her claim upon the ground that she was never legally married to the decedent. The probate court made the allowance prayed for and the heirs appealed.

In the circuit court the judge heard the case without the assistance of a jury, and made findings of the facts. From

these findings he concluded as matter of law that the claimant was not the widow of the decedent, and gave judgment against her. The case is brought to this Court by writ of error.

The second of the judge's findings of fact is as follows:

"Mary Peet, this claimant, and Lucius H. Peet were married February 28, 1858, and lived and cohabited together as husband and wife until some time in November, 1880, when Lucius H. Peet died. In this case there was an actual marriage ceremony according to the laws of this State."

This finding, it will be seen, makes out an apparent right in the claimant to the allowance asked for, and we have only to see whether in the other findings there is anything to overcome this prima facie right.

The other findings are as follows:

"David and Deborah Belcher lived together as husband and wife, previous to 1847 or 1848, for about twenty years, and had thirteen children, and ceased entirely from living together in 1847 or 1848, he, David, going away from Deborah sometimes and coming back when he wished, there being no evidence, however, that such absences were intended to be a separation, or anything more than occasional absences from home. They had some trouble between one another while living together as husband and wife. The reputation as to their being husband and wife was divided and no actual marriage ceremony is shown between David and Deborah Belcher. David Belcher died in 1860.

Lucius H. Peet and Deborah Belcher were married in February, 1855, and lived together as husband and wife about two and one-half years. In this case there was an actual marriage ceremony according to the laws of this State.

Deborah Belcher was living at the time of the marriage of Lucius H. Peet and Mary Peet."

These are the facts from which the circuit judge deduced the conclusion of law that the claimant was never legally married to the decedent. We can not assent to this conclusion.

The marriage of the claimant was indisputably legal, unless Lucius H. Peet had at the time of its solemnization a lawful wife living. He had gone through the forms of marriage with Deborah Belcher, but after a time had aban-

doned her, and it is inferable that he did so because he had become convinced she had in David Belcher a lawful husband living. If she had, he was justified in leaving her, and in entering into marriage relations with the claimant.

The whole case therefore turns upon the question whether it appears that David and Deborah Belcher were husband and wife. It is not shown that any marriage ceremony ever took place between them; neither is the contrary proved; there is simply an absence of any evidence on that point. But an actual ceremony of marriage is not essential to the establishment of the relation of husband and wife; it is sufficient that a man and woman of due competency, and in respect to whom no impediment exists, consent to take each other as husband and wife, and actually cohabit as such. The case of *Hutchins v. Kimmell* 31 Mich. 126; s. c. 18 Am. Rep. 164, determines this for this State, and refers to many decisions in other states to the same effect.

Now the circuit judge finds that David and Deborah Belcher lived together as husband and wife for about twenty years and had thirteen children. If they were living together as husband and wife their relations were not meretricious. The finding is equivalent to a finding that they had taken each other for husband and wife; and is therefore a finding of the fact of marriage.

The circuit judge attached importance to the fact that the reputation as to these parties being husband and wife was divided; that is, we suppose, that some people believed and said they were married and others believed and said the contrary. Reputation is sometimes very important when a marriage is in doubt; but it is only one of the circumstances from which the true relations of the parties, as legal or otherwise, may be inferred; it is not in itself a fact which is at all important to the validity of the relation. When a marriage in fact is made out, whether by formal ceremony or otherwise, it must stand, though the whole community say and believe it is illegal. But upon doubtful facts the court ought to presume a lawful marriage rather than a notorious act of immorality. *Starr v. Peck* 1 Hill 270, 272.

JANUARY TERM 1884.

It is suggested on behalf of the heirs that the circuit judge did not intend to find that David and Deborah Belcher were married, and did not understand his finding on that subject to bear such a construction. That being so, we ought, it is said, to look into the evidence, and if it is evident from that that a conclusion against marriage should be drawn, the case should go back for a new trial. We have looked into the evidence and are clearly of opinion that a marriage ought to have been found. There is really nothing to raise doubts about it, except that some of their acquaintances did not believe they were married. On much less evidence than the living together for twenty years, and the bringing of thirteen children into the world, marriage has been inferred even in cases where the cohabitation was shown to be meretricious in its origin. *Fenton v. Reed* 4 Johns. 52; s. c. 4 Am. Dec. 244; *Taylor v. Swett* 3 La. 33; s. c. 22 Am. Dec. 156; *North v. North* 1 Barb. Ch. 241, s. c. 43 Am. Dec. 778; *Caujolle v. Ferrie* 23 N. Y. 90. In this case there was no such showing.

The order of the circuit court must be set aside and that of the probate court affirmed, and the claimant must recover costs of all the courts.

The other Justices concurred.