SOMMERVILLE, J.
Plaintiff claims to be the owner of certain described property in the city of New Orleans. He alleges that he bought it from the widow Andre Samonzet, by act before M. V. Dejan, notary, on April 2, 1906; that his vendor acquired, as the universal legatee of her husband, by judgment rendered and signed January 14, 1889; that Victoria Thierry, wife of Edward Gruis, and Eugene Thierry are slandering his title by claiming to have an interest in the property ; and that by such slander have damaged him to the extent of $1,000.
Defendants answer that plaintiff, by the act before Dejan, did not acquire ownership of the property, but only such rights as his vendor, the widow Andre Samonzet, had; that she, as universal legatee of her husband, acquired only such rights as he had; that said property was bought by Andre Samonzet by act before Ernest Eude, late notary, August 6, 1867, during the existence of the community of acquets and gains existing between the said late Samonzet and his late first wife, 'Clothilde Thierry, and formed a part of the assets of said late community; that Clothilde Thierry died intestate in July, 1S81, leaving as her sole surviving heir her brother, Paul Alphonse Thierry, who died intestate January 5, 1885; that respondents are the only children, and are now, and were at the time of his death, sole surviving heirs of said Paul Alphonse Thierry; that upon the death of said Clothilde Thierry their said father acquired title as her heir to the naked ownership of a one undivided one-half interest in and to said property,, subject to the usufruct of said Samonzet, which said one undivided one-half interest passed upon the death of their said father to defendants, and they do not now claim, nor have they at any time claimed, ownership of ¿nything more than said. undivided one-half interest. The answer further sets up that the .property is incapable of division in kind, and prays for a partition.
Every allegation in the answer is amply sustained by the testimony and documents to-be found in the transcript of appeal.
That Andre Samonzet and Clothilde Thierry were husband and wife is clearly established by the following evidence: Andre Samonzet was married to his second wife March 19, 1887. Ten days thereafter, March 29,. 1887, he summoned to his bedside a notary public to receive his last will and testament.. By that will he instituted his wife, Marie Farrell, his universal legatee, and declared that he had been married twice; that his first wife was Clothilde Thierry; that he-is now living with his second wife, Marie Farrell.
On June 29, 1867, Andre Samonzet, by act before Ernest Eude, sold a piece of property to Nicholas Bouvier. This act contains the declaration that Madame Clothilde Thierry, wife of Andre Samonzet, intervened; and she-signed the act.
Their relatives and friends testify that, they were husband -and wife.
The property in controversy was bought, from Alexandre L. 'Cheese, ’August 6, 1867, by act before Ernest Eude, notary.
A certificate from the board of health recites:
“Clothilde Thierry, wife of Andre Samonzet (white), a native of France, aged 52 years, departed this life yesterday (15 May 1882). Deceased was married 29 years in city, and a dressmaker by occupation.”
*863 Olothilde Thierry and Andre Samonzet are buried in the same tomb, which bears the inscription, “Families A. Samonzet and J. Gazave.”
The law does not require written evidence of the marriage nor the testimony of those who were present and witnessed the ceremony; nor does it avoid the contract for want of a license.
“The law will not tolerate the presumption that a man and woman who live together, publicly, as husband and wife, are really living in concubinage in violation of the law and of public decency.
“When it is said that marriage may be proved by reputation, the meaning is that the acts and conduct of the parties, as established by satisfactory proof, authorize and create the presumption that they were actually married, with all the formalities required to constitute _ a valid marriage by the law of the place at which it is reputed to have been solemnized; and this presumption is such that it yields only to proof that there was no such marriage, or that it was void because of some nullity established by law.” Blasini v. Blasini, 30 La. Ann. 1388.
[1] In the absence of primary evidence to prove marriage, it may be proved by secondary or circumstantial evidence. Acts of the parties showing their own conception of their mutual relations are the best test of the legality of a marriage, of the celebration of which no proof has been, or can be, adduced. Powers v. Executors, 35 La. Ann. 630; Martinez v. Vives, 32 La. Ann. 305; Holmes v. Holmes, 6 La. 463, 26 Am. Dec. 482; Taylor v. Swett, 3 La. 33, 22 Am. Dee. 156; McConnell v. City, 15 La. Ann. 410; Philbrick v. Spangler, 15 La. Ann. 46; Benavis v. Barba, 32 La. Ann. 1264; Succession of Hubee, 20 La. Ann. 97.
[2] There has been a judgment of court recognizing defendants as heirs of Mrs. Clothilde Thierry and sending them into possession of her estate, which judgment has been registered. They are the owners therefore of the undivided one-half interest of the property involved in this suit.
The judgment appealed from is affirmed.