Since the record contains neither bill of exception, motion to quash, motion in arrest of judgment, nor assignment of errors, and, as there is no error patent upon the face of the record, there is nothing for this court to review.

The conviction and sentence are therefore affirmed.

140 So. 495

**BOYKIN et al. v. JENKINS et al.**

No. 31146.

Feb. 29, 1932.

Caven & Caven, of Marshall, Tex., and Craig, Bolin & Magee, of Shreveport, for appellants.

Lee & Williams, of Mansfield, for appellees.

Pugh, Grimmet & Boatner and J. N. Marcantel, all of Shreveport, for appellee Magnolia Petroleum Co.

ODOM, J.

This is a petitory action brought by plaintiffs to recover an undivided one-fourth interest in the N.W.¼ of the N.W.¼, Sec. 33, T. 12 N., R. 11 West. They also pray for judgment against the present possessors of the land and the Magnolia Petroleum Company for the value of one-fourth of all oil extracted from the land.

The land in question was acquired by patent from the United States by Mrs. Maggie L. Farr on October 1, 1901. It is alleged that Mrs. Farr, at the time she acquired the land, was the wife of Geo. M. Farr and that it fell into the community which existed between them, and, while the question whether the land belonged to the community which existed between Mrs. Farr and her husband was an issue raised by the pleadings, that issue has passed out of the case, as counsel for defendants admit in this court that the land was community property, and that the heirs of Geo. M. Farr acquired his one-half interest therein by inheritance when he died on June 25, 1911.

These plaintiffs claim that they acquired a one-fourth interest in the land by inheritance from Geo. M. Farr, through their mother and grandmother, Mary Elizabeth Farr, who is alleged to have been a daughter of said Farr.

They allege, to quote from their petition:

"That said Geo. M. Farr died intestate on June 26, 1911, leaving as his sole and only heirs the following children and grand children:

"(a) C. D. Farr, a son of said Geo. M. Farr by his wife, the said Maggie L. Farr.

"(b) The following children of Mary Elizabeth Farr, a daughter of said Geo. M. Farr, who died in 1901."

Then follow the names of two of the children of said Mary Elizabeth Farr and the names of her grandchildren, these being the plaintiffs in this suit.

The allegation that Geo. M. Farr left as his sole heirs two children, C. D. Farr, a son by his wife, Maggie L. Farr, and the children "of Mary Elizabeth Farr, a daughter of said Geo. M. Farr," is specifically denied by defendants in their answer.

Plaintiffs' demands were rejected by the lower court, and they prosecute this appeal.

1. The major issue stressed in this court is whether plaintiffs have made sufficient proof to support their allegation that they are heirs at law of Geo. M. Farr. They allege that said Geo. M. Farr had two children, D. C. Farr, who was a son by his marriage with Mrs. Maggie L. Farr, and a daughter, Mary Elizabeth Farr, from whom they descended.

While plaintiffs allege that C. D. Farr was a son of Geo. M. Farr by his marriage with

Mrs. Maggie L. Farr, and allege that Mary Elizabeth Farr was a daughter of said Geo. M. Farr, they do not allege that she was a daughter of that marriage, or of any other marriage. They merely allege that she was his daughter.

In support of plaintiffs' allegation that they are heirs at law of Geo. M. Farr through Mary Elizabeth Farr, they called one witness, Mr. Boykin, who testified that he was a son of Mary Elizabeth Farr and that she was the daughter of Geo. M. Farr.

This is all the testimony adduced by plaintiffs to establish their required status as legal heirs of Geo. M. Farr. Defendants introduced no testimony on this point.

2. The land in question passed from Mrs. Maggie L. Farr, the wife of Geo. M. Farr, and C. D. Farr, who is admittedly a legitimate son of Geo. M. Farr, to the present owners, the defendants. Plaintiffs are therefore asserting title by inheritance in a petitory action against third persons in possession.

In a case similar to this, that of Castagnie v. Bouliris, 43 La. Ann. 943, 10 So. 1, 4, the court said, on rehearing:

"As plaintiffs' title was alleged to be one by inheritance, and the answer denied their heirship, definite proof was absolutely required of plaintiffs' legitimate heirship to entitle them to recover from a stranger; and in thus instituting suit they incurred this risk, and the burden of making such proof."

See Felix v. Bruce, 14 Orl. App. 64.

Plaintiffs' legitimate heirship was denied by defendants in their answer.

 The burden is upon the plaintiff in a petitory action to prove every fact necessary to establish title in himself. He must recover on the strength of his own title and not upon the weakness of defendant's.

See Bruton v. Braselton, 157 La. 64, 101 So. 873, and numerous authorities cited under article 44, Marr's Revised Code of Practice.

 The title of these plaintiffs to the land which they claim depends upon whether they are legitimate heirs of Geo. M. Farr. The question then arises whether they have made sufficient proof of their legitimate heirship. We hold that they have failed on this point.

"If there is no testament or institution of heir, or if the institution is null or without effect, the succession is then open in favor of the legitimate heirs, by the mere operation of the law." Civ. Code, art. 886.

Children and other lawful descendants form one of the three classes of legal heirs (Civ. Code, art. 887), and "legitimate children or their descendants inherit from their father and mother" (Civ. Code, art. 902).

 In law, children are legitimate heirs of their parents only in case they are legitimate or legitimated. Legitimate children are those who are born in lawful wedlock or within a competent time after the dissolution of the marriage. Civ. Code, art. 179, and art. 186 et seq.

Children born out of marriage may be legitimated and thereby become legitimate heirs by the subsequent marriage of their father and mother, unless they are born of an adulterous or incestuous connection, whenever the father and mother "have legally acknowledged them for their children, either before their marriage by act passed before a notary and two witnesses, or by their contract of

marriage itself" (Civ. Code, art. 198), and legitimated children have the same rights as if they were born during marriage (Civ. Code, art. 199); that is, they are legitimate heirs of their parents.

It is only those children who are born in or as a result of wedlock, or who are legitimated by their father and mother in the manner prescribed by law, who may be termed lawful or legitimate heirs of their parents.

But proof of the celebration of a marriage between parents is not indispensable to the children's right to inherit from them, for such proof cannot always be made. In the absence of such proof, however, they must show that they were born of parents who were so living together and so conducting themselves toward each other in society, holding themselves out as man and wife, as to raise the presumption that they were married. When the facts shown are such as to raise the presumption of marriage, the further presumption that their children are legitimate necessarily follows.

In Succession of St. Ange, 161 La. 1085, 109 So. 909, it was held that, where a man introduces a woman as his wife, calls her his wife, and lives with her publicly as such, marriage is presumed. This is upon the theory that the law does not tolerate the presumption that a man and a woman who live together openly and publicly as man and wife, who hold each other out to the world as such, who rear and educate children as if they were legitimate, are in fact living together in concubinage in defiance of public morals and decency and bringing into the world a generation of bastards.

The jurisprudence of this state is settled to the effect that, in the absence of primary evidence to prove marriage, it may be proved by secondary or circumstantial evidence. Powers v. Charbmury's Executors, 35 La. Ann. 630; Eames v. Woodson et al., 120 La. 1031, 46 So. 13; Mazzei v. Gruis et al., 128 La. 860, 55 So. 555; Bothick v. Bothick, 45 La. Ann. 1382, 14 So. 293; Oliphant v. Lumber Co., 163 La. 601, 112 So. 500.

A presumption of legitimacy arises also from proof of legitimate filiation. The Code (article 193 et seq.) prescribes the methods of proving legitimate filiation. It may be proved by a transcript from the register of birth or baptism.

"If the register of births and baptisms is lost, or if no such register has been kept, it suffices *for the child to show that he has been constantly considered as a child born during marriage.*" (Italics ours.) Civ. Code, art. 194.

The following article of the Code (article 195) provides that whether a child has been considered born during a marriage may be proved by a collection of facts "demonstrating the connection of filiation and paternity which exists between an individual and the family to which he belongs," the most material of which facts are: "That such individual has always been called by the surname of the father from whom he pretends to be born; that the father treated him as his child, and that he provided as such for his education, maintenance and settlement in life; that he has constantly been acknowledged as such in the world; that he has been acknowledged as such within the family."

The making of such proof raises the presumption that the child was born during or as a result of marriage, and is therefore legitimate.

■ In the present case, plaintiffs have not alleged, nor have they attempted to prove, that Geo. M. Farr was married to the mother of Mary Elizabeth Farr, or that he ever lived with her mother under such conditions and circumstances as to raise the presumption that he was married to her; nor have they attempted to prove legitimate filiation as prescribed in article 193 et seq. of the Civil Code.

We must therefore hold that they have not adduced sufficient proof of their alleged status as lawful heirs of Geo. M. Farr, and for that reason they can not recover.

■ However, we think their demands should not be rejected outright on that account. They should be allowed another chance to prove their alleged legal status, and to that end the case should be remanded for a new trial on this particular issue.

The lower court rejected plaintiffs' demands on the ground that the property involved did not belong to the community which existed between Geo. M. Farr and his wife, Mrs. Maggie Farr, and therefore the heirs of Geo. M. Farr, whoever they are, inherited no interest therein.

We express no opinion as to the correctness of the judgment on that issue, for, as already stated, counsel for defendants now concede that the property was community.

For the reasons assigned, the judgment appealed from is set aside, and, by virtue of the authority vested in this court by article 906 of the Code of Practice, it is ordered that the case be remanded to the lower court for retrial of the issue whether plaintiffs are heirs at law of Geo. M. Farr, with instructions that the lower court hear and consider such testimony as either plaintiffs or defendants may adduce touching that issue.

Costs of this appeal are to be paid by the appellees; all other costs to await final results.