65 So.2d 780

Succession of ST. AMAND et al.

Succession of ST. AMAND.

No. 40833.

April 27, 1953.

Rehearing Denied June 1, 1953.

Clyde G. De la Houssaye, New Orleans, for defendants in rule and appellants.

Alcide J. Weysham, New Orleans, for plaintiff in rule and appellee.

FOURNET, Chief Justice.

This appeal involves the title to six certain parcels of property located in and around the city of New Orleans, acquired by Hubert St. Amand and his wife, Laure McCarthy St. Amand, during their lifetime. Louis Bonee and Mrs. Lucille S. Bonee, widow of John R. Bonee, are claiming the property as the sole legatees of Adele St. Amand, deceased, the last surviving child of Hubert and Laure McCarthy St. Amand, and, as such, the owner of the property by inheritance in her own right and as legal heir of her several brothers and sisters who all predeceased her without issue, none having married [1]—as against the claim of Rita St. Amand Riles and Dolores St. Amand Lovitt who declare that they, together with Anthony St. Amand, their brother, are the legal heirs of Victor St. Amand, legitimate issue of his marriage to Anna Grenot and as such entitled to his heritable interest in the property. In opposing this claim, Louis Bonee contends (1) that Victor St. Amand was never married to Anna Grenot, and (2) furthermore, that there was a legal impediment to

1. Seven children were born of the marriage of Hubert St. Amand and Laure McCarthy: Raoul, who predeceased his father and mother; Hubert, Jr., who died in 1928, George, who died in 1929, Victor, who died in 1945, Lucine and Laure, who died in 1950, and Adele, who died in 1951.

such a marriage because Victor St. Amand was white and Anna Grenot was of the colored race.

The trial judge, in a well-considered opinion, concluded that Rita St. Amand Riles and Dolores St. Amand Lovitt had failed to establish the marriage. Judgment was rendered rejecting their claims, recognizing Adele St. Amand to have inherited all of the interest of her predeceased brothers and sisters, and decreeing that Louis P. Bonee and Mrs. Lucille S. Bonee, as sole heirs and legatees of Adele St. Amand, be sent into possession of the property; hence this appeal.

Our examination of the record convinces us of the correctness of the trial judge's conclusion. No certificate of marriage was produced, nor was there one person among the numerous witnesses, neighbors and friends of the St. Amand brothers and sisters, who had attended the wedding ceremony or known of such an occasion; and the testimony adduced at the trial, under the well-established jurisprudence of this Court that in the absence of better evidence a marriage may be circumstantially established, fell far short of the proof required to show that a marriage existed between Victor St. Amand and Anna Grenot. In considering a similar question in the case of Succession of Tyson, 186 La. 516, 172 So. 772, this Court observed that such proof may consist of "the fact that a man and woman have, for a considerable time, openly lived together as man and wife and so

conducted themselves toward each other as to enjoy a reputation among those with whom they came in contact as being husband and wife. Such cohabitation and reputation of a man and wife are presumptive evidence of the marriage. Succession of Joseph Llula, 41 La.Ann. 87, 6 So. 555; Succession of Anderson, 176 La. 66, 145 So. 270, and cases therein cited." See 186 La. at page 531, 172 So. at page 777.

The record is bare of a scintilla of proof that Victor St. Amand and Anna Grenot associated with friends or members of Victor's family in the relationship of man and wife, that they were ever seen together in public, that he ever introduced her as his wife or held her out publicly as such. Although Victor probably lived elsewhere, while his brothers and sisters continued to occupy the family home, he called at home each day and finally returned there to live when his health became poor some six years before his death. A few witnesses, including Dolores and Rita St. Amand, testified to an "understanding" that the relationship existed; Dolores stated that her mother had always said to her that she and Victor were married, and a neighbor who nursed Victor during his last illness received that impression from having seen Victor at the house occupied by Anna and the children, and having seen the children at the home of the brothers and sisters. On the other hand, these children were never introduced by the sisters to visitors or to neighbors as their relatives, and the children addressed the sisters formally by pre-

fixing "Miss" to their given names. It is noteworthy that during the last six years of Victor's life, Anna went to the family home on only two occasions, at which times it is stated she quarreled with his sisters and was given some money by them. She and the children were not notified of Victor's death, nor did they attend the funeral— the older girl implying that this was because the services were conducted at a white funeral home and their presence would have embarrassed the St. Amands. Other witnesses, whose close association with all members of the family has extended over a long period of time, stated they had never known Victor to have a wife. This proof was clearly insufficient to establish a presumption of marriage through circumstances of the case.

For the reasons assigned, the judgment appealed from is affirmed.