JASPER E. JONES, Judge.
This is a concursus proceeding to determine the owners of mineral royalties for production from an eighty acre tract of land in DeSoto Parish, Louisiana. The con-cursus was commenced on September 1, 1977, by Tenneco Oil Company. The matter was tried in July, 1987, after voluminous filings by the parties. The trial judge rendered judgment recognizing the descendants of the brothers and sisters of the original owner of the property and their assignees as owners of various fractional interests. This appeal followed.
The evidence shows that Andrew White, Jr., acquired the tract by patent from the United States on March 8, 1899. Andrew White, Jr., died on November 22, 1952, survived by one full brother, Louis White, a full sister, Hannah White Hines, and predeceased by one full sister Lillie White Johnson. Andrew, Jr., was also survived by three half siblings, Jake White, Mary Ella White George and Julius White. Andrew, Jr., was survived by only one descendant, Robert White, an illegitimate.
At issue is: (1) the legitimacy of Andrew, Jr.’s half siblings who were born of a relationship between his father Andrew White, Sr., and Kate Phillips; and (2) the effect of a 1954 judgment of possession in the succession of Andrew White, Jr., which recognizes as his heirs Louis White, Hannah White Hines, Mary Ella White George and Jake White.
The trial judge found the children of Andrew, Sr., and Kate Phillips were the legitimate children of Andrew, Sr.[1] The trial judge further found that the 1954 judgment of possession in the succession of Andrew White, Jr., was conclusive as to the ownership of his property for the reason that the judgment had not been attacked during the period allowed by law.

Issue #1

We first consider the assignment of error by the White-Rambin group, comprised of Robert White and the heirs or other representatives of Andrew, Jr.’s full siblings, that the trial judge’s finding that Jake, Mary Ella and Julius were legitimate children of Andrew, Sr., is erroneous. This inquiry turns on whether the trial judge erred in finding there was a marriage between Andrew, Sr., and Kate Phillips.
In making his finding the trial judge relied heavily on In re Gray’s Succession, 201 La. 121, 9 So.2d 481 (La.1942), and Boykin v. Jenkins, 174 La. 335, 140 So. 495 (La.1932). The trial judge relied on these cases for the propositions that there is a presumption of marriage and from a presumption of marriage arises a presumption of legitimate filiation.
The White-Rambin group contends the trial judge erred in applying these presumptions to this case. They argue that the evidence produced here is insufficient *858 to give rise to these presumptions. We agree.
The presumption of marriage arises when a couple reside together and hold themselves out to the community as husband and wife. Boykin v. Jenkins, supra; In re Gray’s Succession, supra; Succession of St. Amand, 223 La. 319, 65 So.2d 780 (La.1953).
The trial court found that Andrew White, Sr., and Kate Phillips openly and publicly lived together as husband and wife ...” This factual finding, if correct, would support the application of the presumption of marriage. However, this factual finding is not supported by the record.
We have carefully reviewed the record. The best that can be said in support of the trial judge’s finding is that there was no substantial evidence there was no marriage. However, evidence that Andrew White, Sr., and Kate Phillips ever lived together as husband and wife is equally sparse. The record does not support the trial judge’s finding that Andrew White, Sr., and Kate Phillips lived together as husband and wife and that finding is clearly wrong. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, the trial judge erred in applying the presumption of marriage to the relationship between Andrew White, Sr., and Kate Phillips.
The court in Boykin, supra, stated that in absence of proof of marriage the presumption of marriage and the presumption of legitimacy are established in this manner:
But proof of the celebration of a marriage between parents is not indispensable to the children’s right to inherit from them, for such proof cannot always be made. In the absence of such proof, however, they must show that they were born of parents who were so living together and so conducting themselves toward each other in society, holding themselves out as man and wife, as to raise the presumption that they were married. When the facts shown are such as to raise the presumption of marriage, the further presumption that their children are legitimate necessarily follows.
The court In re Gray’s Succession, supra, stated the presumption of marriage and legitimate filiation are established by proof of certain facts here described:
... From certain established facts certain legal presumptions are deduced; and where it is proven, as in this case, that the parties from the time of their first appearing in the community in which they made their permanent domicile, publicly cohabited, assuming to be husband and wife, without separation or interruption until death intervened: that the woman bore the man’s name, and he called her his wife, and introduced her as his wife, and declared that he had married her in the land of her birth: where they present their offspring to the world as their children, give them the surname of the father, have them baptized as their children, and rear, and care for, and educate them as such, the law accords to the man and the woman and to their children a legal and social status, based upon the presumption of marriage, the consequence of which is the presumption of legitimate filiation and descent ...
The presumption of legitimacy arises only regarding the child born during marriage. Lynch v. Knoop, 118 La. 611, 43 So. 252 (La.1907). .
The evidence of legitimate filiation is inadequate to give rise to any presumption of legitimacy as discussed in Boykin. In order to establish legitimate filiation the evidence must establish circumstances which prove the marriage as well as filiation. The child must be born during marriage. We begin by noting, as mentioned above, that there is no evidence in this record that Andrew White, Sr., conducted himself as the husband of Kate Phillips or lived with her. Neither is there evidence that Andrew White, Sr., provided for the children of Kate Phillips, nor that he treated them as his children. Though the children of Kate Phillips used the surname White, the evidence shows that the name White was used by three of Kate’s children whom the trial judge found were not the children of *859 Andrew White, Sr., and this detracts from the weight we might otherwise give to the use of the White name by the children proven to be Andrew, Sr.’s.
The primary evidence of filiation is that the children, Jake, Mary Ella, and Julius, were known within the White family to be the children of Andrew, Sr. Assuming this evidence is proof of filiation as found by the trial judge, this proof of filiation was not proof of legitimate filiation to give rise to a presumption of legitimacy as set out in Boykin.
The evidence in this record is insufficient to prove a marriage between Andrew White, Sr., and Kate Phillips or give rise to any presumption of marriage or legitimacy of their children. The trial judge erred in finding there was a marriage between them and that their children, Jake, Mary Ella, and Julius, were legitimate descendants of Andrew White, Sr.[2] Issue #2
The next issue is whether the 1954 judgment of possession in the succession of Andrew White, Jr., is conclusive as to the ownership of the property by the heirs of Andrew White, Jr. This judgment recognizes Louis White,[3] Hannah White Hines, Mary Ella George and Jake White as the heirs of Andrew, Jr. The judgment is incorrect in that it recognizes as heirs Andrew, Jr.’s illegitimate half brother and half sister, Jake and Mary Ella, and fails to recognize as heirs the heirs of his predeceased legitimate sister, Lillie.
The trial judge found the judgment to be conclusive because no heir had brought an action to be recognized within the prescriptive period allowed by LSA-C.C. art. 3502 nor had any heir commenced an action to annul the judgment within the prescriptive period allowed by LSA-C.C.P. art. 2004.
LSA-C.C. Art. 3502 provides that an heir’s action for recognition of a right of inheritance or recovery of all or part of an estate prescribes in thirty years from the opening of the succession. LSA-C.C. art. 934 provides that a succession becomes open by death or presumption of death of the decedent. In this instance, Andrew White, Jr., died on November 22, 1952, and under the provisions of LSA-C.C. art. 3502 his heirs had until November 22, 1982, to assert their rights.
Because the judgment of possession recognized Louis and Hannah as heirs to greater interests in the succession than that to which they were actually entitled, only the heirs of Lillie needed to assert their rights to be recognized as heirs. The heirs of Lillie have asserted their right to be recognized as such in their answer to this concursus proceeding.
The trial judge found such answers to constitute a tacit acceptance of the succession of Andrew White, Jr., but not “an action” which interrupted LSA-C.C. art. 3502 prescription. We find that the trial judge erred in concluding that the heirs of Lillie White Johnson had not brought an action to enforce their rights by filing their answer herein.
LSA-C.C.P. art. 421 provides in part:
A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.
The answer of the heirs of Lillie White Johnson was a pleading and it asserted their demand to be recognized as heirs. In a concursus proceeding the defendants are “required to assert their respective claims,” LSA-C.C.P. art. 4651, and each stands as both a plaintiff and defendant with respect to all other parties. LSA-C. C.P. art. 4656.
A lienholder’s answer in a concur-sus proceeding is sufficient to interrupt preemption of its right to enforce its lien. Federal Nat. Bank & Trust Co. v. Calsim, Inc., 340 So.2d 611 (La.App. 4th Cir.1976), writ refused, 342 So.2d 1110, 1111 (La. *860 1977); Hunt v. LaCkere Maison, Inc., 316 So.2d 850 (La.App. 1st Cir.1975).
For the reasons hereinabove set forth we consider the action to correct the succession judgment of Andrew White, Jr., as asserted by the heirs of Lillie White Johnson in their answers filed in the concursus proceeding, to be a direct action directed against adverse claims under the provisions of the succession judgment. However, even if this be construed to be a collateral attack, the heirs of Lillie White Johnson are entitled to collaterally attack the validity of the judgment of possession in these proceedings. See Quiett v. Estate of Moore, 378 So.2d 362 (La.1979).
The answers of the heirs of Lillie White Johnson were filed March 17, 1978. This was less than thirty years from November 22, 1952, the date on which Andrew White, Jr., died. The answers were sufficient to interrupt prescription of the action for recognition as heirs of Andrew White, Jr., and the heirs of Lillie White Johnson are entitled to recognition as such.
This ex parte judgment of possession is not res judicata to the parties involved and is only prima facie evidence of the heirs to the estate. This judgment is not conclusive as to the ownership of the estate and others may establish their claim as heirs. Taylor v. Williams, 162 La. 92, 110 So. 100 (La.1926); Jackson-Hinds Bank v. Davis, 244 So.2d 633 (La.App. 4th Cir.1971), writ den., 258 La. 359, 246 So.2d 681, 258 La. 361, 246 So.2d 682 (La.1971); Quiett v. Estate of Moore, supra. The answers of the heirs of Lillie White Johnson attacking the succession judgment from which they were omitted based upon false affidavits was filed within less than one year of the initiation of the concursus proceeding wherein they received notice of the fraud. Under these circumstances the one year prescription period contained in LSA-C.C.P. art. 2004 cannot be arguably applicable to their asserted action to correct the succession judgment.
All the heirs of Lillie White Johnson, with the exception of Roy Wesley, Charles Lee Wesley and Jimmy Ray Wesley, have joined into a compromise agreement with other members of the White-Rambin group and we recognize their interests in accord with that agreement. This compromise agreement was executed between Robert White, the illegitimate child of Andrew White, Jr., the succession of Hannah White Hines, and all descendants of Lillie White Johnson (except Roy, Charles, and Jimmy Wesley). The signers of this agreement are entitled to the tract of land involved in this litigation and to the funds on deposit in this concursus proceeding pursuant to the terms of the compromise contract which recognizes that the interest of Roy, Charles, and Jimmy Wesley as nonsigners to the contract are not affected by it. The three Lillie White Johnson heirs who are not parties to the contract are entitled to their proportion of the estate of Andrew White, Jr. as provided by law. Intervention
Lake Petroleum, Inc., intervened in this action to assert its claim to surface ownership rights in the property allegedly acquired through heirs of Mary Ella White George. Lake answered the appeal in this matter and asserts that there should be judgment recognizing its ownership of an interest in the property.
Lake, whose ancestors in title we have found never owned an interest in the land, contends that its interest must be recognized because it and its ancestors in title have possessed the property for over ten years. Though Lake enthusiastically argues this proposition, it must fail for the reason that the record does not contain the evidence of possession to support the argument.
Upon this record, there was no error by the trial judge in not recognizing Lake Petroleum, Inc., as owner of an interest in the property.

Succession of Julius White

The succession of Julius White has answered this appeal and contends the trial judge erred in giving conclusive effect to the judgment of possession in the succession of Andrew White, Jr., and in not recognizing Julius White as an heir of Andrew White, Jr. As set out above, we *861 agree the trial judge incorrectly gave conclusive effect to the judgment of possession. However, this is of no comfort to the succession of Julius White for the reason that, as we have previously determined, the trial judge erred in finding Julius to be the legitimate half brother of Andrew, Jr., and as an illegitimate, Julius could not inherit from Andrew, Jr.

White-Phillips Group

Members of the White-Phillips group have answered the appeal and they contend the trial judge erred in not finding the heirs of Lillie White Johnson to be illegitimate. They argue the legitimacy of these heirs was proved by hearsay evidence and self-serving testimony.
With respect to the contention that this fact was proved through hearsay evidence, we note that In re Gray’s Succession, supra, which these parties have relied on extensively in their arguments to support their own legitimacy, also holds that hearsay evidence of descent, relationship, birth, marriage and death is admissible. Upon this basis, we find no error in the admission of hearsay evidence on this issue or in the trial judge’s reliance on such evidence.
We acknowledge that the testimony of the heirs of Lillie White Johnson is self-serving to the extent that it is favorable to their position. However, this testimony was apparently accepted by the trial judge who could observe the witnesses and best determine their credibility. The record does not show he erred in doing so. Conclusion
For the foregoing reasons, we reverse and set aside the judgment appealed and remand the case to the trial court with directions to prepare a judgment consistent with this opinion. We instruct that a judgment be prepared and signed which recognizes the interest to which Roy Wesley, Charles Wesley, and Jimmy Wesley are entitled, pursuant to law, in the tract of land subject of this litigation and in the funds on deposit and recognizes the signers of the compromise agreement as the owners of the remaining interest on the tract of land and funds on deposit pursuant to the terms of the compromise contract.
All costs below and on appeal are to be paid from the funds on deposit with the court.

. The legitimacy of the children of Andrew, Sr., and Kate Phillips is essential to their status as heirs of Andrew, Jr., for the reason that at the time of Andrew, Jr.’s death illegitimates could not inherit where there were any legitimate survivors. See Succession of Brown, 388 So.2d 1151 (La.1980); Succession of diverts, 426 So.2d 585 (La.1982).

. The legitimate relation of Andrew, Jr., Louis, Lillie and Hannah was proved through proof of the marriage of Andrew, Sr., and Maria Ram-bin.

. Louis White died intestate May 17, 1971 leaving neither ascendants nor descendants.