## No. 10,221.

### SUCCESSION OF JOSEPH LLULA.

The legal acknowledgment of an illegitimate child in accordance with Act 203, and the legitimation of a natural child in accordance with Act 200 C. C., can be made in one act, executed before a notary public, in presence of two witnesses.

Such an acknowledgment and legitimation carries out the object of the law, which is to discourage concubinage by compelling the parent, under penalty of the legal disinherison of illegitimate offspring, to publicly avow his shame before a notary public and witnesses.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Henry P. Dart* and *A. L. Tissot* for the Universal Legatee and Appellee:

1. This controversy is between the collateral relatives of the decedent and his legitimated child, who was also named his universal legatee.— The attack is on the testament. We contend that it cannot be set aside until the act of legitimation is properly contested and set aside.

An act of legitimation, drawn according to Article 200 C. C., is not controverted by pleading wherein it is vaguely alleged that the "child has never been legally acknowledged,— acknowledgment being one thing and legitimation another. A plea which affirms one's *status* as a natural child, precludes plaintiffs from asserting the contrary.

2. Evidence was improperly received, to maintain the cause of action thus set forth — as the act of legitimation must be attacked by a direct action.

3. Article 198 et seq. C. C. provide for distinct classes of legitimation under C. C. 200, is not subject to the rules established for same act in C. C. 198. See Talbot vs. Porter, 28 Ann. 3, and succession of Colwell, 32 Ann. 265.

4. One of the natural parents may legitimate their issue, under the very terms of Article C. C.; more especially should this be so when the other parent is dead.

5. Legitimation, under C. C. 200, needs not be preceded by the formal act of acknowledgment provided for in Article 203. The articles cover two distinct purposes. To acknowledge an illegitimate child so as to give him a status as such, there must be a compliance with latter article. To legitimate under Article 200, it is sufficient to declare the paternity in same act,—this is evident, because it is not otherwise provided in Article 200, and to decide otherwise would provide a penalty to a statute which contains none. 6 L. 570 ; 33 Ann. 1103 ; 43 Ann. 269.

6. Natural children may be classified into (1) those who may be acknowled; (2) those who cannot be acknowledged ; and the first class may be again subdivided into those who have been recognized by the parent, and those who have been legally acknowledged,— the doing of this last act does not make the child a natural child. but attaches to him a status as an acknowledged natural child.

7. The statutes concerning legitimation constitute a body of law applicable to that subject. They must be construed together, and acts made pursuant to these laws are not to be read by the articles C. C. and jurisprudence regulating acknowledged or unacknowledged natural children. See Colwell's succession, 34 Ann. 265.

*W. S. Benedict* for the Opponents and Appellants.

---

The opinion of the Court was delivered by

McENERY, J. Joseph Llula, who was never married, was the father of a daughter, Louisa, issue of Lena Neiss. Louisa is now the wife of Manuel Suarez Miranda. On the 4th day of May, 1882, in order to acknowledge and legitimate his daughter, Louisa, Joseph Llula appeared before a notary public and executed the following act:

"Be it known, that on this fourth day of May, in the year of our Lord one thousand eight hundred and eighty-two, and of the Independence of the United States of America, the one hundred and sixth, before me, Edmund Augustus Peyroux, a notary public, in and for the City and Parish of Orleans, State of Louisiana, aforesaid, duly commissioned and sworn, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared Joseph Llula, Esq., residing

in this city, which said appearer declared and acknowledged by these presents, that his daughter, Louisa Llula, wife of Manuel Suarez Miranda, born on the twelfth day of December, 1848, is his natural issue with the late Lena Neiss; that there existed at the time of the conception of said child no legal impediment to the intermarriage of himself with the said late Lena Neiss; that he has no ascendants, nor legitimate descendants.

" And the said appearer moreover declared, that availing himself of provisions of the laws of the State of Louisiana, authorizing natural parents to legitimate their natural children, he hereby makes this act declaratory of his intention to legitimate his aforenamed daughter, and he does, by these presents, legitimate her to all intents and purposes.

" And the said appearer does hereby assume towards her, the said Louisa Llula, wife of Manuel Suarez Miranda, all the duties and obligations of a legitimate parent, and hereby declares said Louisa Llula, wife of Manuel Suarez Miranda, legitimate to all intents and purposes, and entitled to all the rights and privileges accorded by law to legitimate children.

" Thus done and passed in my office, at the City of New Orleans, on the day, month and year herein first above written, in presence of Messrs. John L. Tissot and Hon. Aristée Louis Tissot, who have hereunto signed their names, together with the said appearers and me, notary, after due reading of the foregoing.

" Original signed:

> " JOSEPH LLULA.
> " J. L. TISSOT.
> " A. L. TISSOT,
> " E. A. PEYROUX,
> · " Notary Public.

" A true copy from the original.
" New Orleans, May 15, 1882.
" Signed :                    " E. A. PEYROUX, Notary Public."

On August 14, 1882, he made a nuncupative will by public act before E. A. Peyroux, notary, in which he declared that his father and mother were dead; that he had only one child, Louisa Llula, born on the 12th day of December, 1848, and he bequeathed to her his entire estate and nominated and constituted her his universal legatee. On March 6, 1888, Joseph Llula died. The above will was admitted to probate. Pedro Llula and Mrs. Francisca Pitre, brother and sister of Joseph Llula, attack his will, alleging that he left no ascendants or acknowledged descendants, and that Louisa was never legally acknowledged by her father, and

that he could not make a will in her favor, to the exclusion of the said brother and sister, and pray that the will be set aside and annulled.

The plaintiffs in the suit to annul the will contend that Louisa Llula should have been duly acknowledged by her father, Joseph Llula, in accordance with Article 203 C. C., before the act of legitimation was passed; that only illegitimate children who have thus been acknowledged become natural children, and that natural children only can be legitimated. They deny that the acknowledgment and legitimation can be made in one act.

In the Civil Code, as adopted in 1825, there was only one mode provided for the legitimation of illegitimate children. Article 217 and Article 198 provided for the legitimation of children, except those born from an incestuous or adulterous connexion, by a subsequent marriage of the father and mother, whenever they had legally acknowledged them for their children, either before marriage or by the contract of marriage itself.

The legal acknowledgment and the legitimation under this article, could be made in one act — the contract of marriage. It was the intention of the Legislature to extend, and not to restrict, the mode of legitimating children by the adoption of Article 200 of the Code, providing for another method of legitimation.

If the act of acknowledgment in accordance with Article 203, had been passed, and immediately thereafter, in the shortest interval possible, another act legitimating Louisa had been passed before the same notary, in the presence of the same witnesses, there can be no doubt but that the act of legitimation would have been legal and valid and in strict accordance with the letter of the law. The acts would have followed in natural sequence, tending to the same end and accomplishing the same purpose. There is no reason why the two declarations cannot be made in one act, as they both are for the accomplishment of the same purpose. The act of legitimation, in the instant case, conforms to Article 203 C. C., for the acknowledgment of the illegitimate child, and to Article 200 C. C. for the legitimation of the natural child, Louisa Llula.

In Dupre vs. Caruthers, 6 Ann. 156, it was said, in alluding to the intention of the Legislature in adopting the articles of the Code relating to the acknowledgment and legitimation of children born out of marriage: "* * * * But we know the objects of the Legislature: In the first place, to honor matrimony, which is of such incalculable importance to society; and, in the next place, to discourage concubinage, which the cause of much dissoluteness and evil. To prevent it the Leg-

State ex rel. Gas Company vs. City of New Orleans.

islature held out the strongest motive which can influence a parent — the legal disinherison of his offspring, unless he avows his shame before a notary public and witnesses, or in the face of the church."

The object of the law was fully carried out when Joseph Llula, obeying those strong motives alluded to by the court, appeared before E. A. Peyroux, notary public, avowed his shame publicly in the presence of two witnesses, and then and there, still further obeying his strong natural impulses, legitimated his daughter, thus removing, as the reward of his public avowal, the stain of illegitimacy from his daughter Louisa, and giving her the rights in law of a child born in wedlock.

For these reasons the judgment appealed from is affirmed, with costs.