William P. Maus, an unmarried man, died in the city of New Orleans, and left a last will and testament reading as follows:
"Being of sound mind and body and realizing the uncertainty of life, I hereby make this my last will and testament.
"I will and bequeath to my Dear Mother, Mrs. Peter Maus, $35,000.00, Thirty-five Thousand worth of N.O. City 4% Bonds, and $11,000.00, Eleven Thousand worth of N.O. City Public Improvement 4% Bonds, and all contents of house No. 811 St. Andrew *Page 824 
Street, New Orleans, La., and all my personal jewelry.
"I will and bequeath to my Dear Sisters, Mrs. Gus Heausler, Mrs. L.J. Franz, and Mrs. Geo. McIntyre, the sum of $6,000.00 each.
"I will and bequeath to my Dear Sisters, Mrs. August Blaum, Mrs. Sidney Gutierrez, Mrs. J.W. Dauer, and Mrs. Norman Bowe, the sum of $4,000.00 each.
"I will and bequeath to my Dear Niece, Miss Alma L. Franz, the sum of $2,500.00.
"I will and bequeath to St. Joseph's Orphan Asylum, corner of Josephine and Laurel Streets, New Orleans, La., the sum of $2,500.00.
"I will and bequeath to The Society of Redemptorists for St. Mary Assumption Church, the sum of $2,500.00.
"I will and bequeath to The Society of Redemptorists for masses for the repose of my soul, the sum of $2,500.00.
"After all debts are paid, I will and bequeath the balance of my estate, if any, to my Dear Mother, and my Dear Sisters, Mrs. Gus F. Heausler, Mrs. L.J. Franz, and Mrs. George McIntyre, shareand share alike." (Italics ours.)
Mrs. George McIntyre died more than a year before William P. Maus, the testator.
After payment of all the special legacies and debts, Mrs. Peter Maus, mother, and Mrs. L.J. Franz and Mrs. Gus F. Heausler, sisters, of decedent, petitioned the lower court to be recognized and sent into possession of the residuum of the testator's estate, under the following provision of his last will *Page 825 
and testament: "After all debts are paid, I will and bequeath thebalance of my estate, if any, to my Dear Mother, and my Dear Sisters, Mrs. Gus F. Heausler, Mrs. L.J. Franz, and Mrs. George McIntyre, share and share alike." (Italics ours.)
An opposition was filed by Mrs. August Blaum, Mrs. Sidney Gutierrez, Mrs. J.W. Dauer, and Mrs. Norman Bowe, sisters of the testator, and special legatees under his will, on the ground that the legacy made of the balance of decedent's estate to his mother, and to his two sisters, Mrs. Gus F. Heausler and Mrs. L.J. Franz, "share and share alike," was not a conjoint legacy, but a legacy under a universal title, and the part which Mrs. George McIntyre would have received, had she survived the testator, devolved upon opponents as his legitimate heirs, under articles 1706, 1707, 1708, and 1709 of the Civil Code, which read as follows:
"1706. The right of accretion relative to testamentary dispositions, shall no longer subsist, except in the cases provided for in the two following articles.
"1707. Accretion shall take place for the benefit of the legatees, in case of the legacy being made to several conjointly.
"The legacy shall be reputed to be made conjointly when it is made by one and the same disposition without the testator's having assigned the part of such colegatee in the thing bequeathed.
"1708. It shall also be reputed to be made conjointly when a thing, not susceptible of being divided without deterioration, has been *Page 826 
given by the same act to several persons, even separately."
It is provided by article 1612 of the Civil Code that: "The legacy under a universal title, is that by which a testator bequeaths a certain proportion of the effects of which the law permits him to dispose, as a half, a third, or all his immovables, or all his movables, or a fixed proportion of all his immovables or of all his movables."
It is also provided in article 1606 of the Civil Code that: "A universal legacy is a testamentary disposition, by which the testator gives to one or several persons the whole of the property which he leaves at his decease."
(Italics in the above quotations from the Civil Code are ours.)
It is well settled that a legacy of the residue or balance of an estate is a universal legacy. Succession of Burnside, 35 La. Ann. 708; Succession of Marks, 35 La. Ann. 993.
At his death, the testator left a mother and six sisters. That decedent intended that he should not die intestate as to any part of his estate, but that the whole should pass by his will, is made manifest by the fact that he has made special provisions in the will in the form of legacies to particular heirs, and, after the payment of these legacies and all debts, has bequeathed the whole of the balance or the residuum of his estate to his mother and three sisters. Since the clear intention of the testator in this case is that the title to the balance of his estate should be conveyed in its entirety to his universal or residuary legatees, such legacy is, without doubt, conjoint and not separate. *Page 827 
It is true that, where an aliquot part is bequeathed to one and another aliquot part to another, such as one-half or one-third, then they are separate legacies, and the part which is bequeathed to one is not bequeathed to the other. In such a case, if the legacy lapses it reverts to the estate of the testator, to be divided between his legitimate heirs.
But in the instant case, as nothing but the residuum was left, after the discharge of special legacies and debts, the residuum itself was the only part of the estate into which the lapsed legacy could fall, and, necessarily, it reverted by accretion to the surviving residuary or universal legatees under the plain terms of the testator's will.
It is immaterial, in our opinion, that the residuum may be divisible between the universal legatees. The words "share and share alike" and "to be equally divided between them," when added to a legacy, are terms of similar import, and only express what the law would imply without them. They do not alter the character of the legacy. Succession of Wilcox, 165 La. 803, 116 So. 192; Mackie v. Story, 93 U.S. 589, 23 L. Ed. 986.
Also in Succession of Villa, 132 La. 714, 61 So. 765, 769, in construing article 1707 of the Civil Code (article 1044 of the Code Napoleon), this court approved the following passage from Duranton, Book 3, Article 507:
"The assignment of equal aliquot parts to each of the legatees, as the half, the third, etc., works a division of the disposition, and makes as many legacies as there are assigned *Page 828 
parts; but the mere declaration of equality or rights in the thing bequeathed acts only on the division, and not on the thing itself."
Plaintiffs' suit was dismissed at their cost in the lower court on an exception of no right or cause of action. In our opinion, the judgment appealed from is correct.
Judgment affirmed.
OVERTON, Justice, concurs in the decree on the ground that the legacy was a residuary legacy, but dissents from the views expressed, which are obiter, concerning accretion, and from the view expressed, as coming from Duranton, in his edition of 1834, when Duranton withdrew that view in the later edition, of 1844, of his work.
ST. PAUL, Justice, concurs in the decree but thinks the fact that the legacy was a residuary legacy, has nothing to do with the question.