HAMITER, Justice.
 

 The principal question presented for determination by this appeal is whether or not Francis Hilton Cambre, a person' born out of wedlock, was legitimated by the marriage of his parents occurring subsequent to his birth, thus constituting him a legal heir of his deceased father.
 

 Theophile P. Cambre, Sr., was twice married, first to Odile Perilloux in June, 1912. Of this union two children were born, namely Theophile P. Cambre, Jr., and Emile J. Cambre.
 

 Some months after the death in July, 1914, of his first wife, he resorted to illicit relations with one Louise Jacob, a femme sole, living with her in the home of her mother and father. As a result of the relationship a child, Francis Hilton Cambre, was born on October 10, 1916. Subsequent to the birth the father and mother were married, this occurring on December 31, 1918.
 

 The- father, Theophile P. Cambre, Sr., died intestate on June 29, 1944, leaving both a separate and a community estate. Shortly thereafter the widow, Louise Jacob Cambre,' commenced succession proceedings by applying for appointment as administratrix. To her application Theophile P. Cambre, Jr., tendered an opposition.
 

 Later the two children of the first marriage instituted this action in the succession proceedings, praying that they be recognized as the sole heirs of decedent and, as such, be sent and put into possession of the property of which he died possessed (all of his separate estate and his one-half of the community). Cited to appear and answer the petition were the widow and her son, Francis Hilton Cambre, he being represented by a curator ad hoc because of his serving overseas at the time in the armed forces of the United States.
 

 In answering, the widow asserted her right to the ownership of one-half of the community property acquired by her and decedent (about this part there is no contest), and she showed that Francis Hilton Cambre should be recognized as a legitimate child, entitled to inherit along with his half brothers (plaintiffs herein) all of decedent’s estate. Further, she asked that
 
 *456
 
 she and such child be decreed creditors of the succession by reason of certain advances allegedly made by them to decedent.
 

 The answer of the curator ad hoc contained the prayer that the absent respondent son be decreed a legal heir of decedent entitled to one-third of the latter’s property and also recognized as a creditor of the succession. As to his right to inherit, it was alleged:
 

 “Further answering respondent admits that
 
 Hilton Francis
 
 Cambre was born prior to the marriage of his parents on December 31, 1918, but avers that he was fully and completely acknowledged and legitimated by. the contract of marriage of his parents ;elebrated on December 31, 1918, before the Hon. George J. Trauth, Justice of the Peace of the First Ward of the Parish of Jefferson, Louisiana, and by the Baptism by the Catholic Church of the said
 
 Hilton Francis
 
 Cambre on December 2, 1916. Respondent further avers that the said
 
 Hilton Francis
 
 Cambre was moreover legitimated by the marriage of his parents by the provisions of the Act SO of the Legislature of Louisiana of 1944, which is specially pleaded by respondent.
 

 “Your respondent further avers that at the time of the conception of the said
 
 Hilton Francis
 
 Cambre there were no existing impediments to the marriage of his father and mother, Theophile P. Cambre, Sr., and Louise Jacob; that from his birth he was always held out'by his father, Theophile P. Cambre, Sr., as his legitimate child; that the said Theophile P. Cambre, Sr., reared the said
 
 Hilton Francis
 
 Cambre in his own home,- clothed and fed him and educated him and always held him out and treated him as his legitimate child.”
 

 At the commencement of the trial the curator ad hoc tendered for filing a supplemental and amended answer, this pleading reiterating all of the averments of the original answer and additionally setting forth the following: “Further answering respondent avers that at the time of the aforesaid marriage of the parents of the said
 
 Hilton Francis
 
 Cambre, the decedent, Theophile P. Cambre, Sr., verbally acknowledged to the Justice of the Peace who performed the marriage ceremony that he had a son by the said Louise Jacob and that he wanted to marry her in order to do right by the said Louise Jacob and his son.”
 

 Objection to the allowance of the amendment was urged by plaintiffs’ counsel, he contending that it had the effect of enlarging the pleadings. At the same time he pleaded surprise; but he made no motion for a continuance. The court ordered its allowance and filing.
 

 After hearing and receiving considerable evidence on the several issues created by the pleadings, the court concluded that Francis Hilton Cambre was legitimated by the marriage of his father and mother; hence, the judgment recognized him and the plaintiffs (his half brothers) to be heirs at law of decedent, each entitled to an un
 
 *458
 
 divided one-third of his property. Also, Louise Jacob Cambre was decreed to be the widow in community and the owner of right of one-half of the community property acquired by her and decedent. The matter of the debts allegedly due by the succession to respondents was not passed upon. Costs of the litigation was ordered paid out of the proceeds of the estate.
 

 Plaintiffs appealed. Respondents have answered the appeal praying that the judgment be amended to the extent of assessing all costs against plaintiffs, and, as amended, it be affirmed.
 

 In our opinion the district court did not err, as plaintiffs’ counsel contends here, in permitting the filing of the amended answer. The position of the curator ad hoc (representative of the respondent child) under the original answer was in no manner altered or changed by the amendment; only an elaboration or amplification of the previously made allegations resulted from its. filing. Louisiana Code of Practice Articles 419 and 420; LaBarre et al. v. Rateau et al., La.Sup., 26 So.2d 279.
 

 Next, complaint is made here of the district court’s omitting to adjudicate on the claims of respondents as creditors of the estate. We find nó merit in it. The omission resulted, as the reasons for judgment disclose, from and following a stipulation incorporated in the record during the trial reading: “It is agreed by counsel for Emile J. Cambre and Theophile P. Cambre, Jr., and by counsel for Mrs. Louise Jacob Cambre, that the application for Letters of Administration filed by Mrs. Louise Jacob Cambre is withdrawn, and that the opposition filed by Theophile P. Cambre, Jr., to the application of Mrs. Louise Jacob Cambre, is also hereby withdrawn, with permission of the' court.”
 

 This stipulation grew out of a lengthy discussion between counsel as to the issues then being tried, at the conclusion of which it was agreed that only the question of heirship would be decided and that the matter of the administration of the succession should await the return of the absent respondent.
 

 To be considered and discussed now is. the primary question presented by this appeal of whether or not Francis Hilton Cambre is a legal heir of the decedent. As before shown, he was born out of wedlock. If, however, his legitimation resulted from the marriage of his parents, to which there was no legal impediment, he is entitled to inherit from his deceased father. “Children' legitimated by a subsequent marriage have the same rights as if they were born during marriage.” Revised Civil Code Article 199.
 

 At the time of the birth of the respondent child, as well as of the marriage of his parents, Article 198 of the Revised Civil Code provided: “Children born out of marriage, except those who are born from an incestuous or adulterous connection, may be legitimated by- the subsequent marriage of their father and mother, when
 
 *460
 
 ever the latter have legally acknowledged them for their children, either before their marriage by an act passed before a notary and two witnesses, or by their contract of marriage itself.”
 

 In interpreting this codal provision in Cormier v. Cormier, 185 La. 968, 171 So. 93, 94, we observed:
 

 “In the Succession of Fortier, 51 La.Ann. 1562, 26 So. 554, in 1899, the court expressed the opinion that a verbal acknowledgment of an illegitimate child, by the father, to a priest, when the father of the child was about to be married to the mother of the child, was a' sufficient acknowledgment to give the marriage the effect of legitimating the child. That opinion, if adhered to, would settle this case. And the opinion ought to be adhered to, even though it was not the only basis for the decision in the case.
 

 ******
 

 “The history of article 198 of the Civil Code proves conclusively that the expression ‘the contract of marriage"itself’ means the marriage ceremony, or celebration, and not a so-called marriage contract, or prenuptial agreement. * * * ”
 

 At and in connection with the marriage ceremony of the parents of Francis Hilton Cambre, which occurred some two years after the birth in question, the father declared to the officiating Justice of the Peace that his purpose in marrying Louise Jacob was to recognize the child. On this point the testimony of a person who witnessed the ceremony was:
 

 “Q. Will you tell us what Theophile P. Cambre, Sr., told the Justice of the Peace who married him, at that time that he first spoke to him? A. He said that he had a little boy, and that he was going to get married to recognize the little boy, and that that’s why he was getting married.”
 

 “Q. Did he say who was the mother of the little boy? A. Yes, said Mrs. Jacob.”
 

 The mother also testified.concerning the declaration as follows:
 

 “Q. Tell us what he said? A. He told Judge Trauth like this: He said, T did this girl wrong, and my family was against it, and I didn’t want them to worry me, and that’s why I didn’t marry her’. And 'then he told the Judge T learned some sense now, and I. want to make it good for my wife and child. I want to give my child his rights to recognize us, and I want to recognize him.’ ”
 

 Supporting the probability of decedent’s having uttered the declaration attributed to him, thus serving to corroborate the testimony of the two witnesses, is the undisputed fact that until his death the decedent, along with his wife, reared the child as his legitimate son, keeping the latter in the family home and providing the necessary food, clothing and education.
 

 From the evidence in the record we conclude, as did the trial judge, that Francis
 
 *462
 
 Hilton Cambre was legitimated within the meaning and intendment of the codal provision quoted above; hence, he, together with his half brothers (plaintiffs herein), is entitled to inherit from his deceased father.
 

 Cited and relied on by plaintiffs’ counsel are Succession of Serres, 136 La. 531, 67 So. 356, Boykin et al. v. Jenkins et al., 174 La. 335, 140 So. 495, and Succession of Tyson, 186 La. 516, 529, 172 So. 772. None is relevant here for the reason that therein there was shown no compliance with the requirements of Revised Civil Code Article 198.
 

 Subsequent to the death of Theophile P. Cambre, Sr., the Legislature through Act 50 of 1944 amended and reenacted Revised Civil Code, Article 198 so as to read: “Children born out of marriage, except those who are born from an incestuous or adulterous connection, are legitimated by the subsequent marriage of their father and mother, whenever the latter have formally or informally acknowledged them for their children either before or after the marriage.-”
 

 But, in view of our above announced conclusion, it is unnecessary for us to determine whether this statute applies retroactively and is appropriate to the present factual situation.
 

 Appellees, in their answer to the appeal, complain of the trial court’s assessing of costs of this litigation against decedent’s estate, they contending that appellants should be taxed with it. But no good reason is given for our changing of the judgment in this respect.
 

 For the reasons assigned the judgment is affirmed.
 

 O’NIELL, C. J., concurs in the decree.