REGAN, Judge.
This suit was instituted by Merlin E. McCarron, Jr., and Janeth McCarron against their uncle, Joseph W. McCarron, Sr., endeavoring to be placed in possession of an undivided one-half interest in a legacy bequeathed to their late father, Merlin E. McCarron, Sr., by his sister Catherine E. McCarron. Petitioners predicate their right to the acquisition thereof on the theory that the portion of the testator’s estate which their father would have received by virtue of the will if he had not predeceased her should be treated as a lapsed legacy which falls into intestacy and then devolves upon the testator’s legitimate heirs.
The defendant answered and insisted (1) that the testamentary disposition made by Catherine E. McCarron was a universal legacy, so that the lapsed legacy fell into the residuum and enured to his benefit as surviving universal legatee and (2) that the disposition made by the testator was a conjoint legacy, so that the lapsed portion of said legacy devolved upon him by accretion.
From a judgment in favor of the defendant rejecting the plaintiffs’ demand and recognizing the defendant, Joseph W. Mc-Carron, Sr., as entitled to all of the property remaining in the succession of his sister, Catherine E. McCarron, after specific legacies were paid, the plaintiffs have prosecuted this appeal.
The record reveals that Catherine E. McCarron died testate on July 7, 1963, being survived by her brother, the defendant herein, and by the plaintiffs, the two children of her predeceased brother, Merlin E. McCarron, Sr.
The testator’s olographic will contained an initial bequest of all her property to her two brothers, which reads:
“This is my last will and testament. In the event of my death, I leave all personal and real property in my name to my two brothers, Joseph William McCarron, Sr., and Merlin E. McCar-ron, Sr., to be shared equally.”
Decedent then made numerous particular legacies, which had the effect of disposing of all her property except a fairly large amount of corporate stock. Another particular legacy of $500.00 was later made by codicil to a nephew, Paul G. Moresi, III.
Plaintiffs’ father, Merlin E. McCarron, Sr., was named as executor in the will, but since he predeceased the testator, the defendant qualified as dative testamentary executor and had the will admitted to probate. Plaintiffs demanded delivery of an undivided one-fourth of the residual legacy (i. e., an undivided one-half of the legacy bequeathed to their father), but this demand was rejected by the defendant in his capacity as executor; hence, this suit ensued.
*49 Plaintiffs base their demand on the rationale emanating from LSA-Civil Code, Article 1709, which reads:
“Except in the cases prescribed in the two preceding articles, every portion of the succession remaining undisposed of, either because the testator has not bequeathed it, either to a legatee or to an instituted heir, or because the heir or the legatee has not heen able, or has not been willing to accept it, shall devolve upon the legitimate heirs.”
They reason that since their father was incapable of receiving one-half of the bequest, the legacy to him lapsed and fell to the legitimate heirs by the rules of intestate succession. Since Catherine E. McCarron was survived by a brother and the two children of a predeceased brother, they point out that under the rules of intestacy one-half of the portion left to their father should be given to the defendant and the other one-half (or one-fourth of the entire residual legacy) should be given to them in indivisión.
On appeal hereof, the defendant maintains that the legacy, which forms the subject matter of this litigation, was conjoint, and consequently he acquired the lapsed legacy by accretion. In the alternative, he argues that the lapsed legacy fell into the residue of the estate and was inherited by him as universal legatee.
We have made a careful analysis of the issues posed for our consideration, and as a result thereof, we are of the opinion that both of the defendant’s arguments are untenable.
The general rule is that the right of accretion no longer exists under the Civil Code.[1] Exceptions thereto are provided in the case of conjoint legacies[2] and legacies of a thing incapable of being divided without deterioration.[3] Since there exists no issue herein as to the divisibility of the testamentray disposition, the only basis for defendant’s contention that he acquired the lapsed legacy by accretion is the existence of a conjoint legacy in the testator’s will.
LSA-Civil Code, Art. 1707 provides that a legacy is conjoint when it is made by the testator without an assignment of the parts of the co-legatees in the thing bequeathed.[4] In this case, Catherine E. McCarron left her property to her two brothers “to be shared equally”. Under the existing jurisprudence such a phrase constitutes an assignment of parts, and precludes a surviving co-legatee from acquiring a lapsed legacy by accretion.[5] Therefore, the defendant’s initial contention is without merit.
Defendant in the alternative argues that the lapsed legacy fell into the residuum of the estate, and consequently it was inherited by him as sole surviving universal legatee. This contention is likewise without merit.
We have no doubt that the disposition in question is a universal legacy.[6] *50 Moreover, it is also true that a universal ■legatee receives the benefit of the lapse of a particular legacy.[7] However, in this case the lapsed legacy was not a particular one, but was rather one-half of a universal legacy. A universal legacy, being the remainder left after all particular legacies are paid, is metaphorically speaking the last step above intestacy. It is a basic assumption running through all of the jurisprudence, even the cases cited by the defendant, that upon the lapse of one-half of a universal legacy it either goes to the surviving universal legatee by accretion or falls into intestacy.[8] In no case has it been held that one-half of a lapsed universal legacy automatically falls into the other half unless it qualifies as a conjoint legacy.
If this were not the case, the Civil Code Articles on accretion would be redundant, in that the share of the predeceased universal legatee would automatically fall to his co-legatee irrespective of whether the legacy was conjoint. In short, we are of the opinion that the counsel for the defendant in his alternative argument is merely urging upon us a theory of automatic accretion in the case of universal legacies which is unfounded either in the Civil Code or in the jurisprudence emanating therefrom.
For the foregoing reasons the judgment of the lower court is reversed, and it is hereby ordered, adjudged, and decreed that the plaintiffs herein, Merlin E. McCarron, Jr., and Janeth McCarron, be, and they are hereby, recognized as the owners of an undivided one-fourth interest in the residuum of the Succession of Catherine E. McCarron, after all of the particular legacies are satisfied. All costs are to be paid by the defendant.
Reversed and rendered.

. LSA-Civil Code, Art. 1706.

. LSA-Civil Code, Art. 1707.

. LSA-Civil Code, Art. 1708.

. “Art. 1707. Accretion shall take place for the benefit of the legatees, in case of the legacy being made to several conjointly.
“The legacy shall be reputed to be made conjointly when it is made by one and the same disposition without the testator’s having assigned the part of such co-legatee in the thing bequeathed.”

. Succession of Lambert, 210 La. 636, 28 So.2d 1; Succession of Rougon, 223 La. 103, 65 So.2d 104; Succession of Milne, 230 La. 729, 89 So.2d 281.

. See Lebeau v. Trudeau, 10 La.Ann. 164; Succession of Wilcox, 165 La. 803, 116 So. 192; Succession of Maus, 177 La. 822, 149 So. 466; Mackie v. Story, 93 U.S. 589, 23 L.Ed. 986.

. Prevost v. Martel, 10 Rob. 512; Succession of Burnside, 35 La.Ann. 708.

. Succession of Maus, supra; Succession of Wilcox, supra; Succession of Lambert, supra.